Filed 6/2/26  P. v. Johnson CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B342548 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA025337) |
| v. | |
| EDWIN DALE JOHNSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of the County of Los Angeles, Juan Carlos Dominguez, Judge.  Affirmed.

Cynthia L. Barnes, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## I.     INTRODUCTION

Defendant Edwin Johnson appeals from the trial court's resentencing following the granting of a Penal Code section 1172.1 petition.[1]  We will modify the abstract of judgment and otherwise affirm.

## II.     PROCEDURAL BACKGROUND

In 1995, a jury convicted defendant of three counts of second degree robbery (counts 1, 2, and 3; § 211) and three counts of assault with a firearm (counts 5, 6, and 7; § 245, subd. (a)(2)). The jury found true the allegations that defendant personally used a firearm in the commission of the offenses pursuant to section 12022.5, subdivision (a).  The trial court found true the allegations that defendant previously suffered two strike convictions, in 1983 and 1984, within the meaning of sections 667, subdivisions (b) through (i) and section 1170.12 (the Three Strikes law).  The court stayed the sentence on the assault counts pursuant to section 654.[2]  The court sentenced defendant to state prison for an aggregate term of 83 years to life and awarded defendant custody credit of 210 actual days.

On July 24, 2023, the California Department of Corrections and Rehabilitation (Department of Corrections) notified the trial court that the abstract of judgment and a minute order reflected

---

[1]     All further statutory references are to the Penal Code.

[2]     The record does not include the determinate sentence abstract of judgment (form CR 290) from 1995 for counts 5, 6, and 7.

2

that the sentencing court had failed to impose the section 12022.5, subdivision (a) enhancements on counts 1, 2, and 3 as full-term consecutive determinate sentences as required by section 1170.1, subdivision (a) and California Rules of Court, rule 4.451(a).

On June 21, 2024, the Los Angeles County District Attorney filed a response to the letter from the Department of Corrections, arguing that the trial court should impose the full upper term of the section 12022.5 enhancements consecutively, for a total sentence of 90 years to life. The District Attorney submitted the following exhibits: the preliminary hearing transcript; the probation report; a report of defendant's criminal history; a list of 14 rules violations defendant sustained while in prison[3], information that defendant had been granted parole on July 11, 2023, but was later deferred for a new hearing; and a police report that included statements defendant made at the time of his arrest.

On July 3, 2024, defendant filed a petition for resentencing pursuant to sections 1172.1 and 1385. Defendant requested that the trial court "exercise its discretion in resentencing [him] to a determinant sentence by striking the older of the two strikes which occurred in 1983." According to defendant, he was 63 years old, had been incarcerated for over 29 years, and had provided significant evidence of rehabilitation.

Over the course of several court hearings, defendant asked the trial court to impose a determinate sentence, or alternatively, reduce his sentence to a single term of 25 years to life.

---

[3] The violations included conduct such as participating in a riot, possessing a deadly weapon, battery on an inmate, battery on staff, mutual combat, and stabbing assault.

3

On December 3, 2024, the trial court resentenced defendant. Citing *People v. Carmony* (2004) 33 Cal.4th 367 (*Carmony*) and *People v. Williams* (1998) 17 Cal.4th 148, the court declined to exercise its discretion to strike defendant's two strikes. The court stated that it "[could ]not explicitly find a reason to strike any of the strikes which were properly imposed. [D]efendant was a second striker [*sic*]. He committed robbery against three people, put guns to their heads. The victim testified [at the parole hearing] that, yes, she thought he served his sentence and that's her opinion and is not necessarily that anyone in this room may or may not disagree with it but that's not what the law is. And she says she will never recover from it. So I just really cannot—cannot justify striking any of the strikes."

The trial court, however, exercised its discretion "to strike th[e] [section] 12022.5 enhancements, to give some sort of relief to [defendant] and it may move up his parole date somewhat." The court therefore resentenced defendant to three consecutive terms of 25 years to life on counts 1, 2, and 3 and struck the section 12022.5 enhancements imposed on those counts. The court sentenced defendant to the midterm of three years on counts 5, 6, and 7 and stayed those terms pursuant to section 654. The court therefore sentenced defendant to a total of 75 years to life. Relying on defense counsel's calculations of credit, the court awarded defendant custody credit of 14,411 actual days and stated that the Department of Corrections would calculate defendant's good time credits. (See *People v. Buckhalter* (2001) 26 Cal.4th 20, 29–30.) The abstract of judgment, however, did not record the court's awarding of any custody credits.

Defendant timely appealed and we appointed counsel to represent him.

4

On January 23, 2026, appointed counsel on appeal filed an opening brief stating that she had not identified any arguable issues and requesting that we evaluate any issues defendant might raise in a supplemental brief and independently review those portions of the record necessary to resolve any such arguments pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216.

On February 6, 2026, defendant filed a supplemental brief.

On February 25, 2026, the trial court issued a minute order directing the abstract of judgment be further amended to reflect the trial court's award of 14,411 days of actual custody credit for the time defendant served in state prison between his initial sentencing on June 20, 1995, and his resentencing on December 3, 2024, plus the presentence custody credit of 210 days actual and 33 days conduct credit.[4]

## III.   DISCUSSION

In his brief, defendant contends the trial court erred when it refused to resentence him because of his behavior in prison.  He maintains the court "ruled that '[it] was not going to do anything' regarding [defendant's] resentencing because 'he was still breaking rules in prison'[.]"  Contrary to defendant's contention, the court elected to resentence defendant and struck the section 12022.5 enhancements "to give some sort of relief" to defendant and help him "move up his parole date …."

---

[4]     On our own motion, we take judicial notice of the trial court's order and the amended abstract of judgment.  (Evid. Code, § 452, subd. (d).)

Defendant additionally contends that we "should exercise [our] discretion to dismiss [his] prior 1983 or 1984 conviction …." We will construe this contention as an argument that the trial court abused its discretion when it denied his motion to strike one of the prior strike allegations. We review a court's decision not to dismiss a prior strike conviction under section 1385 for an abuse of discretion. (§ 1385, subd. (a); *Carmony*, *supra*, 33 Cal.4th at p. 374.) Here, the court cited to controlling authority, the nature and circumstance of defendant's crimes of conviction, as well as a victim's statement at a parole hearing and declined to exercise its discretion to strike either of defendant's prior strike convictions. We find no abuse of discretion.[5]

---

[5] We have thus evaluated the arguments raised in defendant's supplemental brief. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) We note, however, that the trial court appears to have erred when it calculated defendant's custody credits. In its February 25, 2026, minute order, the court accurately stated that defendant should be credited for the actual days he served between his initial sentencing on June 20, 1995, and his resentencing on December 3, 2024. The court, however, calculated the period as 14,411 days. Our calculation of the same period of time is 10,760 days. The People, on remand, may seek whatever relief they deem appropriate.

## IV.   DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM (D.), J.

We concur:

HOFFSTADT, P. J.

BAKER, J.

7